Filed 6/13/16  P. v. Campbell CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RODERICK CAMPBELL,<br><br>　　　　Defendant and Appellant. | B266769<br><br>(Los Angeles County<br>Super. Ct. No. BA295948-02) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Affirmed.

　　　　Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

In an amended information, the Los Angeles County District Attorney charged defendant and appellant Roderick Lamar Campbell (defendant) with two counts of attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) for offenses that occurred on or about November 20, 2005. Defendant, aided by his father, was alleged to have attacked two men, inflicting harm with a knife as well as bodily force. Pursuant to an agreement with the People, defendant pleaded no contest to one count of assault with a deadly weapon, a felony. On October 11, 2006, the trial court sentenced defendant to three years probation, with a condition that he serve 282 days in county jail—equivalent to defendant's credit for time served. The court dismissed the remaining three charges.

In July 2014, pursuant to a petition filed under section 1203.4, the trial court expunged defendant's assault with a deadly weapon conviction. The court denied defendant's request to reduce the conviction to a misdemeanor, however, "due to the serious nature of the conduct . . . ."

In July 2015, defendant again sought to have his conviction for assault with a deadly weapon reduced to a misdemeanor, this time on the basis of section 1170.18, subdivisions (f)-(i), which the Safe Neighborhoods and Schools Act (Proposition 47) added to the Penal Code. Section 1170.18, subdivision (f) allows a person who has completed a felony sentence to apply for reduction of the felony to a misdemeanor if, pursuant to Proposition 47, the original felony is now classified as a misdemeanor. On August 18, 2015, the trial court denied defendant's application on the ground that the offense of assault with a deadly weapon is ineligible for reduction under Proposition 47. Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. After examining the record, defendant's counsel filed an opening brief raising no issues. On January 11, 2016, this court advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

---

[1] Undesignated statutory references that follow are to the Penal Code.

2

We have examined the record and are satisfied that defendant's attorney on appeal has complied with the responsibilities of counsel and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106.)  A conviction for assault with a deadly weapon under section 245 is not among the offenses eligible for Proposition 47 relief.

DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3